UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JASPER MORRISON,

        Plaintiff,        CIV. S-04-1157 MCE PAN

    v.

JO ANNE B. BARNHART,        Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision requiring he repay supplemental security income ("SSI") benefits.

Plaintiff received $16,401.85 SSI Aged Alien benefits from March 1997 to May 1999 based upon an application in which plaintiff stated he and his wife had $820.  Records later showed that in February 1997 plaintiff had deposited $10,000 in a checking account and held a deposit certificate worth

$108,413.22.  When asked, plaintiff said he did not remember the accounts but his attorney later verified they existed.  Plaintiff was allowed reasonable time to present contradictory evidence but did not.

Recovery of an overpayment may be waived if a person is without fault and recovery would defeat the purpose of the Act, viz. deprive a person of income required for living expenses or be "against equity and good conscience."  20 C.F.R. § 404.506.

Defendant found plaintiff was not without fault because at all relevant times he had more than the maximum amount allowed in bank accounts.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  <u>Sanchez v. Secretary of Health and Human Services</u>, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1427 (1971), but less than a preponderance.  <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's

decision.  <u>Gonzalez v. Sullivan</u>, <u>supra</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence. <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

    When initially asked, plaintiff said he did not remember the accounts but there is no reasonable question they existed. Plaintiff was allowed reasonable time to present contradictory evidence but never did.  The record plainly shows that plaintiff was not without fault.

    The decision is affirmed.

    Dated:  May 18, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge